FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

JAN 16 2013

JAMES N. HATTEN, Clerk
By: Vicki Daugherty
    Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 2:13-CV-0010 |
| HAMILTON STATE BANK, | JURY TRIAL DEMANDED |
| Defendant. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff JOAO BOCK TRANSACTION SYSTEMS, LLC ("Plaintiff" or "JBTS"), by and through its undersigned counsel, files this Complaint for Patent Infringement against Defendant HAMILTON STATE BANK, ("Defendant") as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,047,270 entitled *"Apparatus and Method for Providing Account Security"* (the "'270 patent"; a copy of which is attached hereto as Exhibit A) and Plaintiff's United States Patent No. 7,096,003 entitled

"*Transaction Security Apparatus*" (hereinafter, the "'003 patent"; a copy of which is attached hereto as Exhibit B) (collectively, the '270 patent and the '003 patent are referred to herein as the "Patents-in-Suit"). Plaintiff is the legal owner of the Patents-in-Suit. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff is a Limited Liability Company organized under the laws of the State of Delaware and is located at 116 Sweetfield Circle, Yonkers, New York 10704. Plaintiff is the legal owner of the Patents-in-Suit, which includes the right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patents-in-Suit and the right to sublicense the Patents-in-Suit, collect damages and sue for infringement and recover past damages from the Defendant.

3. Upon information and belief, Hamilton State Bank is a financial institution organized and existing under the laws of the State of Georgia with its principal place of business located at 1907 Highway 211, Hoschton, Georgia, 30548.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281-285. This Court has subject

matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.      Upon information and belief, Defendant has transacted business and committed acts of infringement within the State of Georgia, and more importantly, within this District, and is subject to the personal jurisdiction of this Court. The Court has personal jurisdiction over Defendant because, upon information and belief: Defendant has minimum contacts within the State of Georgia and the Northern District of Georgia; Defendant has purposefully availed itself of the privileges of conducting business in the State of Georgia and in the Northern District of Georgia; Defendant has sought the protection and benefits of the laws of the State of Georgia; Defendant regularly conducts business within the State of Georgia and within the Northern District of Georgia; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Georgia and in the Northern District of Georgia.

6.      Upon information and belief, Defendant has made, used, offered for sale, imported, sold, or advertised, and continued to make, use, offer to sell, import, sell, or advertise (including providing an interactive web page) in this district and elsewhere in the United States its products and services that infringe one or more claims of the Patents-in-Suit. More specifically, Defendant, directly

and/or through intermediaries, makes, uses, sells, ships, distributes, offers for sale, or advertises its products and services in the United States, the State of Georgia, and the Northern District of Georgia. Upon information and belief, Defendant has committed patent infringement directly in the State of Georgia and in the Northern District of Georgia. Upon information and belief, Defendant solicits customers in the State of Georgia and in the Northern District of Georgia. Upon information and belief, Defendant has many paying customers who are residents of the State of Georgia and in the Northern District of Georgia, and who each use respective Defendant's products and services in the State of Georgia and in the Northern District of Georgia.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 6,047,270
## BY HAMILTON STATE BANK

8. JBTS repeats and incorporates herein paragraphs 1 through 7 as though they were fully set forth herein.

9. On April 4, 2000, the United States Patent and Trademark Office duly and legally issued the '270 patent to the inventors Raymond Anthony Joao ("Mr. Joao") and Robert Richard Bock ("Mr. Bock"). Mr. Joao and Mr. Bock assigned

all rights, title and interest in and to the '270 patent to JBTS giving JBTS the right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere in the United States the patented invention(s) of the '270 patent, and the right to sublicense the '270 patent, collect damages and initiate lawsuits against the Defendant. The '270 patent is in full force and effect. Plaintiff is the legal owner of the '270 patent and possesses all rights of recovery under the '270 patent.

10. Defendant has infringed and continues to infringe one or more claims of the '270 patent by making, using, importing, providing, offering to sell, advertising and/or selling (directly or through intermediaries), in this District and elsewhere in the United States, infringing products and services. Specifically, upon information and belief, Defendant makes, uses, imports, provides, offers to sell, advertises and/or sells (directly or through intermediaries) an apparatus and/or method for providing account security. Defendant offers Online Banking products and/or services, including but not limited to its Business Cash Management service (collectively, the "'270 Accused Products and Services") through which the system receives signals from banking customers from an apparatus, which may be the user's mobile telephone and/or home computer, that is associated with an individual account holder, as disclosed and claimed in the '270 patent.

11. Upon information and belief, Defendant has induced and continues to induce infringement of one or more claims of the '270 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use the '270 Accused Products and Services, those products and services having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers. Defendant has had knowledge of the '270 patent since the commencement of this action. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the accused products in such a way that infringes the '270 patent by, at minimum, providing instructions to its customers on how to use the accused products in such a way that infringes the '270 patent and knew and/or knows that its actions, including but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by its customers.

12. Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '270 patent in this district and elsewhere in the United States. Its intentional acts have, among other things, encouraged, instructed, enabled and otherwise caused its

customers to use its products and services, such as purchasing, accessing and/or using through its website or otherwise, having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers. Defendant offers to sell, and sells (directly or through intermediaries), to its customers, its products and services covered by the '270 patent that constitutes a material part of the invention, and its customers have utilized said products and services in a manner that infringes one or more claims of the '270 patent. Defendant has had knowledge of the '270 patent since the commencement of this action. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the '270 Accused Products and Services in such a way that infringes the '270 patent by, at minimum, providing instructions to its customers on how to use the '270 Accused Products and Services in such a way that infringes the '270 patent, and knew and/or knows that its products and services are especially made and/or adapted for user(s) to infringe one or more claims of the '270 patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use.

13.   Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

14. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. Defendant's infringement of Plaintiff's rights under the '270 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 7,096,003
## BY HAMILTON STATE BANK

16. JBTS repeats and incorporates herein paragraphs 1 through 15 as though they were fully set forth herein.

17. The '003 patent was duly and legally issued by the United States Patent and Trademark Office to Mr. Joao and Mr. Bock on August 22, 2006 after full and fair examination. Mr. Joao and Mr. Bock assigned all rights, title and interest in and to the '003 patent to Joao Bock Transaction Systems, LLC giving Joao Bock Transaction Systems, LLC the right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere in the United States the patented invention(s) of the '003 patent, and the right to sublicense the '003 patent, collect damages and initiate lawsuits against the

Defendant. The '003 patent is in full force and effect. Plaintiff is the legal owner of the '003 patent, and possesses all right, title and interest in the '003 patent including the right to enforce the '003 patent, and the right to sue Defendant for infringement and recover past damages.

18. Defendant has infringed and continues to infringe one or more claims of the '003 patent (directly or through intermediaries) by making, using, importing, providing, offering to sell, advertising and/or selling a transaction security apparatus as claimed in the '003 patent. Specifically, upon information and belief, Defendant makes, uses, imports, provides, offers to sell, advertises and/or sells (directly or through intermediaries) an apparatus and/or method for providing account security. Defendant offers Online Banking products and/or services, including but not limited to its Business Cash Management service (collectively, the "'003 Accused Products and Services") through which the system receives signals from banking customers from an apparatus, which may be the user's mobile telephone and/or home computer, that is associated with an individual account holder, as disclosed and claimed in the '003 patent.

19. Upon information and belief, Defendant has induced and continues to induce infringement of one or more claims of the '003 patent in this district and elsewhere in the United States, by its intentional acts which have successfully,

among other things, encouraged, instructed, enabled and otherwise caused its customers to use the '003 Accused Products and Services, those products and services having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers. Defendant has had knowledge of the '003 patent since the commencement of this action. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the '003 Accused Products and Services in such a way that infringes the '003 patent by, at minimum, providing instructions to its customers on how to use the accused products in such a way that infringes the '003 patent and knew and/or know that its actions, including but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by its customers.

20.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '003 patent in this district and elsewhere in the United States. Its intentional acts have, among other things, encouraged, instructed, enabled and otherwise caused its customers to use its products and services, such as purchasing, accessing and/or using through its website or otherwise, having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers.

Defendant offers to sell, and sells (directly or through intermediaries), to its customers, its products and services covered by the '003 patent that constitute a material part of the invention, and its customers have utilized said products and services in a manner that infringes one or more claims of the '003 patent. Defendant has had knowledge of the '003 patent since the commencement of this action. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the '003 Accused Products and Services in such a way that infringes the '003 patent by, at minimum, providing instructions to its customers on how to use the '003 Accused Products and Services in such a way that infringes the '003 patent, and knew and/or knows that its products and services are especially made and/or adapted for user(s) to infringe one or more claims of the '003 patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use.

21. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

22. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

23. Defendant's infringement of Plaintiff's rights under the '003 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

24. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff Joao Bock Transaction Systems, LLC, respectfully requests the following relief:

A. An adjudication that the Defendant has directly infringed claims (either literally or under the Doctrine of Equivalents) of the '270 patent, contributed to the infringement of claims of the '270 patent, and/or induced infringement of claims of the '270 patent;

B. An adjudication that the Defendant has directly infringed claims (either literally or under the Doctrine of Equivalents) of the '003 patent, contributed to the infringement of claims of the '003 patent, and/or induced infringement of claims of the '003 patent;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with prejudgment interest pursuant to 35 U.S.C. § 284;

D. An award of Plaintiff's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case and/or due to Defendant's willful infringement, or as otherwise permitted by law with respect to the Defendant;

E. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement; and

F. Any further relief that this Court deems just and proper.

/

/

Dated: January 16, 2013

Respectfully submitted,

*/s/ Jonathan R. Miller*

Jonathan R. Miller, Georgia Bar No. 507179
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0863
Facsimile: (205) 547-5506
Email: jmiller@hgdlawfirm.com

Steven W. Ritcheson, (*pro hac vice anticipated*)
**HENINGER GARRISON DAVIS, LLC**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
Email: switcheson@hgdlawfirm.com

*Attorneys for Plaintiff*
*Joao Bock Transaction Systems, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

I hereby certify that this document is presented in Times New Roman 14.

*/s/ Jonathan R. Miller*

Jonathan R. Miller, Esq.